**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE WINKELBAUER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALBERTSONS COMPANIES, INC., BETTER LIVING BRANDS LLC, and SAFEWAY INC., inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et seq.*<br><br>2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE § 17500, *et seq.*<br><br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE § 17200, *et seq.*<br><br>4. UNJUST ENRICHMENT<br><br>5. COMMON LAW FRAUD<br><br>6. INTENTIONAL MISREPRESENTATION<br><br>7. NEGLIGENT MISREPRESENTATION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shane Winkelbauer, individually and on behalf of all others similarly situated, brings this class action complaint against Albertsons Companies, Inc., Better Living Brands LLC, and Safeway Inc. (collectively referred to herein as "Defendants") and alleges as follows:

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## SUMMARY OF THE ACTION

1.     To increase profits at the expense of consumers and fair competition, Defendants sell their popular macaroni and cheese products in oversized, opaque boxes that do not reasonably inform consumers that they are 45% empty. Defendants' scam dupes unsuspecting consumers across California and America to pay for empty space at premium prices and undercuts fair competition. *See **Figures 1-2.*** The green shading represents the product fill. The remainder is nonfunctional empty space, or "slack-fill."

***Figures 1-2.***

 

CLASS ACTION COMPLAINT

■ Empty Space (Slack-Fill)

■ Macaroni & Cheese Product

2.      Defendants fail to comply with consumer protection and packaging statutes designed to prevent this scam, instead relying on their brand name and goodwill to further their deceptive practices. This class action aims to remedy Defendants' unfair business practice by (1) enjoining Defendants' use of non-functional slack-fill; and (2) providing injured consumers money lost as a result of Defendants' deceptive packaging. Defendants' slack-fill scam extends to all Signature Select® macaroni and cheese products sold in opaque boxes (the "Products") sold in California and the United States.

3.      Defendants market the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contain an unlawful amount of slack-fill. Defendants underfill the Products for no lawful reason. The purposes of this practice are (1) to save money (by using less product per box); and (2) to deceive consumers into purchasing Defendants' Products over their competitors' products. Defendants' slack-fill scheme not only harms tens of thousands of consumers, but it also harms law-abiding competitors. Accordingly, Defendants have violated the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9). As such, Defendants have committed *per se* violations of Business and Professions Code section 17200, *et seq*. and Business and Professions Code section 17500, *et seq*. and Civil Code section 1750, *et seq*.

4.      Plaintiff and the Class Members have accordingly suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief and restitution.

//

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**CALIFORNIA STATE AND FEDERAL COURTS FIND SLACK-FILL VIOLATIONS MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT**

5.   Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment. *See Padilla v. Whitewave Foods Co.*, Case No. LA CV18-09327 JAK (JCx) (C.D. Cal. July 26, 2019) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Matic v. United States Nutrition, Inc.*, Case No. CV 18-9592 PSG (AFMx) (C.D. Cal. Mar. 27, 2019) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Merry v. Int'l Coffee & Tea, LLC*, Cal. Super. Case No. CIVDS1920749 (San Bernardino Cty. Jan. 27, 2020) (defendant's demurrer to slack-filled powder container claims overruled); *Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal. July 25, 2017) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims denied, and nationwide settlement class certified) (cert. granted Oct. 31, 2018); *Tsuchiyama v. Taste of Nature, Inc.*, Cal. Super. Case No. BC651252 (L.A. Cty. Feb. 28, 2018) (defendant's motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box claims denied, and nationwide settlement subsequently certified through Missouri court); *Gordon v. Tootsie Roll Indus.*, Case No. CV 17-2664 DSF (MRWx) (C.D. Cal. Oct. 4, 2017) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. June 12, 2017) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims denied, and California class action certified) (cert. granted Mar. 25, 2019); *Thomas v. Nestle USA, Inc.*, Cal. Super. Case No. BC649863 (L.A. Cty. Apr. 29, 2020) (certifying as a class action slack-fill claims brought under California consumer protection laws). //

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURISDICTION**

6.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states.

7.      This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

8.      Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts that exist between Defendants and California. Defendants are authorized to do and are doing business in California.

## **VENUE**

9.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District, Plaintiff purchased the Product in this District, and Defendants made the challenged false representations in this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations that had a substantial effect in this District, including but not limited to, labeling and packaging advertisements.

## **PARTIES**

10.      Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Los Angeles. Plaintiff purchased the Signature Select Original Macaroni and Cheese Dinner at an Albertsons store in Los Angeles, California in 2021. In making his purchase, Plaintiff relied upon the opaque packaging, including the size of the box. The box and its label were prepared and approved by Defendants and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Products. If Plaintiff had known

CLASS ACTION COMPLAINT

that the Product box contained nonfunctional slack-fill, he would not have purchased the Product, let alone paid for macaroni and cheese product he never received.

11.   Albertsons Companies, Inc. is a Delaware corporation headquartered in Idaho. Albertsons Companies, Inc. maintains its principal place of business at 250 E. Parkcenter Blvd., Boise, ID 83706.

12.   Safeway Inc. is a subsidiary of Albertsons Companies, Inc. and is a Delaware corporation headquartered in California. Safeway Inc. maintains its principal place of business at 11555 Dublin Canyon Rd., Pleasanton, CA 94588.

13.   Better Living Brands, LLC is a Delaware limited liability company. Better Living Brands, LLC's principal address is P.O. Box 99, Pleasanton, CA 94566.

14.   Defendants, directly and through their agents, conduct business nationwide. Defendants have substantial contacts with and receive substantial benefits and income from and through the State of California. Defendants are the owners, manufacturers, and distributors of the Products, and are the companies that created and/or authorized the false, misleading, and deceptive packaging for the Products.

## **FACTUAL ALLEGATIONS**

15.   The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase;[1] this decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-window./.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

because consumers expect package size to accurately represent the quantity of the good being purchased.[2]

16.    Accordingly, Defendants chose a certain size box for their Products to convey to consumers that they are receiving a certain and substantial amount of macaroni and cheese, commensurate with the size of the box. Such representations constitute an express warranty regarding the Products' contents.

17.    Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

18.    Defendants falsely represent the quantity of macaroni and cheese in each of the Products' opaque boxes through their packaging. The size of each box leads the reasonable consumer to believe he or she is purchasing a box full of product when, in reality, what he or she actually receives is approximately 45% less than what is represented by the size of the box.

19.    Even if Plaintiff and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of macaroni and cheese product meaningfully different from their expectation of a quantity of product commensurate with the size of the box.

20.    Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the box, the reasonable consumer would not be able to discern the presence of any nonfunctional

---

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

CLASS ACTION COMPLAINT

slack-fill, let alone the approximately 45% nonfunctional slack-fill that is present in the Products.

21. The other information that Defendants provide about the quantity of product on the front and back labels of the Products does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of the box itself. For instance, the Products' packaging does not have any information that would provide Plaintiff with any meaningful insight as to the amount of product to be expected, such as a fill line.

22. Disclosures of net weight and serving sizes in ounces or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of macaroni and cheese contained in the Products' boxes that would be different from the reasonable consumer's expectation that the quantity of product is commensurate with the size of the box.

23. Plaintiff would not have purchased the Product had he known that the Product contained slack-fill that serves no functional or lawful purpose.

24. As pictured *supra*, Defendants uniformly underfill the Products' boxes, rendering about 45% of each box slack-fill, none of which serves a functional or lawful purpose.

**None of the Slack-Fill Statutory Exceptions Apply to the Products**

25. Pursuant to 21 C.F.R. § 100.100, "a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading." Opaque containers "shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill." *Id.* Nonfunctional slack-fill is empty space within packaging that is filled to less than its capacity for reasons other than provided for in the six enumerated slack-fill exceptions.

//

//

**A.  21 C.F.R. § 100.100(a)(1) – Protection of the Contents**

26.  The slack-fill contained in the Products' packaging does not protect the contents of the package. In fact, the greater the amount of slack-fill, the more room the contents have to bounce around during shipping and handling, making it more likely that the contents will break or sustain damage. As such, the slack-fill present in the Products' packaging makes the macaroni and cheese product more, not less, susceptible to damage.

**B.  21 C.F.R. § 100.100(a)(2) – Requirements of the Machines**

27.  The machines used to package the Products would not be affected if there was more macaroni and cheese added. At most, a simple recalibration of the machines would be required. Upon information and belief, adjusting these machines is rather simple.

28.  Because the Products are only filled to approximately 55% of their capacity, Defendants can increase the Products' fill levels significantly without affecting how the boxes are sealed, or they can disclose the fill level on the outside labeling to inform consumers of the amount of macaroni and cheese actually in the box, consistent with the law.

**C.  21 C.F.R. § 100.100(a)(3) – Settling During Shipping and Handling**

29.  The slack-fill present in the Products' containers is not a result of the macaroni and cheese product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of fill. No measurable product settling occurs during subsequent shipping and handling.

30.  The contents of the Products are of a great enough density that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

//

//

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**D.    21 C.F.R. § 100.100(a)(4) – Specific Function of Package**

31.    The packages do not perform a specific function that necessitates the slack-fill. This safe harbor would only apply if a specific function were "inherent to the nature of the food and is clearly communicated to consumers." The packages do not perform a function that is inherent to the nature of the food. Defendants do not communicate any such function to consumers.

**E.    21 C.F.R. § 100.100(a)(5) – Reusable Container**

32.    The Products' packaging is not reusable or of any significant value to the Products independent of their function to hold the macaroni and cheese product. The Products' containers are paperboard boxes, intended to be discarded immediately after the macaroni and cheese is eaten.

**F.    21 C.F.R. § 100.100(a)(6) – Inability to Increase Fill or Decrease Box Size**

33.    The slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

34.    Defendants can easily increase the quantity of macaroni and cheese product contained in each box (or, alternatively, decrease the size of the containers) by approximately 45% more volume.

35.    Because none of the safe harbor provisions apply to the Products' packaging, the packages contain nonfunctional slack-fill in violation of 21 C.F.R. § 100.100 and are, therefore, filled as to be misleading. Plaintiff shall proffer definitive expert testimony to establish these facts once this case reaches the merits.

**The Products' Packaging Misleads Reasonable Consumers**

36.    Defendants are intentionally underfilling the boxes of the Products, hoping to surreptitiously pass off the increase in ingredient price to consumers without their knowledge or consent.

37.    Reasonable consumers do not spend several minutes analyzing product label details to confirm whether companies are secretly passing off empty space for

premium prices. Rather, consumers reasonably assume the size of the box is a proxy for the amount of product contained therein.

38.    Defendants' Products are sold in identical packaging, i.e., opaque boxes of identical size, shape, volume, and material. Defendants' Products are packaged using nearly identical fill and heated-glue enclosing machines.

39.    Plaintiff made a one-time purchase of Defendants' Signature Select Original Macaroni and Cheese Dinner at an Albertsons store in Los Angeles, California in early 2020.

40.    Plaintiff paid approximately $1.00 for the Product.

41.    Once Plaintiff returned home, Plaintiff opened the top of the Product's box and viewed the Product's pasta contents. Only then did he discover—to his disappointment—that the Product's packaging was only 55% full, while the remaining space constituted nonfunctional slack-fill.

42.    Plaintiff did not expect that the Product would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law and California law.

43.    The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

44.    The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

45.    Defendants' false, deceptive, and misleading label statements are unlawful under state and federal consumer protection and packaging laws.

46.    Defendants intended for Plaintiff and the Class members to be misled.

47.    Defendants' misleading and deceptive practices proximately caused harm to Plaintiff and the Class.

## CLASS ALLEGATIONS

48.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), individually, and on behalf of all others

similarly situated, and as a member of the following Classes as defined below:

> All residents of the United States who, within the relevant statute of limitations periods, purchased the Products ("Nationwide Class"); and

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products ("California Subclass").

("Nationwide Class" and "California Subclass," collectively, "Class").

49. Excluded from the Class are: (i) Defendants, their assigns, successors, and legal representatives; (ii) any entities in which Defendants have controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

50. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

51. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

52. **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

53. **Common Questions Predominate:** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

questions which may affect individual Class members.  Common questions of law and fact include, but are not limited to, the following:

    a.  The true nature and amount of product contained in each of the Products' packaging;

    b.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

    c.  Whether Defendants misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes;

    d.  Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. § 100.100, *et seq.*;

    e.  Whether the Products contain nonfunctional slack-fill in violation of California Business and Professions Code Section 12606.2, *et seq.;*

    f.  Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    g.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    h.  Whether Defendants' conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    i.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

    j.  Whether Defendants made false and misleading representations in their advertising and labeling of the Products;

    k.  Whether Defendants knew or should have known that the misrepresentations alleged herein were false;

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

l.   Whether Plaintiff and the Class paid more money for the Products than they actually received;

m.   How much more money Plaintiff and the Class paid for the Products than they actually received;

n.   Whether Defendants committed common law fraud; and

o.   Whether Defendants were unjustly enriched at the expense of Plaintiff and the Class members.

54.   **Typicality:** Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendants are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiff and members of the Class.

55.   **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation. Plaintiff's Counsel prosecuted the largest slack-fill nationwide class action settlement to date in 2021. *Thomas v. Nestle USA, Inc.*, Cal. Super. Case No. BC649863 (L.A. Cty. Jan. 14, 2022).

56.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false, deceptive, and misleading representations. Plaintiff purchased the Product because of the size of the box and the product label, which he believed to be indicative of the amount of product contained therein as commensurate with the size of the box. Plaintiff relied on Defendants' representations and would not have purchased the Product if he had known that the packaging, labeling, and advertising as described herein was false and misleading.

57.   The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions and by internet publication, radio, newspapers, and magazines.

//

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

58.   **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.   The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.   Absent a class, the members of the Class will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoy their ill-gotten gains;

c.   Given the size of individual Class members' claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Defendants committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

d.   When the liability of Defendants has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.   This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class members can seek redress for the harm caused to them by Defendants.

59.   Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

60.   The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

61.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT ONE

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

62.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

63.    Plaintiff brings his claims individually and on behalf of the Class.

64.    Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing, established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393.

65.    The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et seq.*

66.    The legislature of California has incorporated 21 C.F.R. § 100.100, which prohibits nonfunctional slack-fill, into the State's Business and Professions Code at Section 12606.2 *et seq.*

67.    The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 961 F. Supp. 2d 1033, 1037 (N.D. Cal. 2013) (internal citations omitted).

68.    In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.*, 21 U.S.C. § 343 *et. seq.*

69.    Plaintiff is not suing under the FDCA, but under California state law.

70.    The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Health and Safety Code Section 109875 *et seq.*, has adopted wholesale the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code § 110100.

71.     The Sherman Law declares any food to be misbranded if it is false or misleading in any particular, if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code §§ 110660, 110665, 110670.

72.     The Unfair Competition Law ("UCL") prohibits "any unlawful, unfair . . . or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

### A.     "Unfair Prong"

73.     Under the UCL, California Business and Professions Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).

74.     Defendants' action of leaving approximately 45% nonfunctional slack-fill in their Products does not confer any benefit to consumers.

75.     Defendants' action of leaving approximately 45% nonfunctional slack-fill in their Products causes injuries to consumers, who do not receive a quantity of macaroni and cheese commensurate with their reasonable expectations.

76.     Defendants' action of leaving approximately 45% nonfunctional slack-fill in their Products causes injuries to consumers, who do not receive a level of hunger satiety commensurate with their reasonable expectations.

77.     Defendants' action of leaving approximately 45% nonfunctional slack-fill in their Products causes injuries to consumers, who end up overpaying for the Products and receiving a quantity of macaroni and cheese less than what they reasonably expected to receive.

78.     Consumers cannot avoid any of the injuries caused by the approximately 45% nonfunctional slack-fill in Defendants' Products.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

79.     Accordingly, the injuries caused by Defendants' inclusion of approximately 45% nonfunctional slack-fill in the Products outweigh any benefits.

80.     Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

81.     Here, Defendants' conduct of including approximately 45% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of harm.

82.     Some courts require that "unfairness must be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 735 (9th Cir. 2007) (internal citations omitted).

83.     The California Legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in California's Business and Professions Code Section 12606.2 and Health and Safety Code Section 110100.

84.     The approximately 45% of nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to the State's Business and Professions Code Section 12606.2 and Health and Safety Code Section 110100.

85.     Defendants' packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

86.     Defendants knew or should have known of their unfair conduct.

//

//

87.    As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

88.    There existed reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the amount of macaroni and cheese product contained within the Products.

89.    All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

90.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair conduct. Plaintiff paid an unwarranted premium for the Product. Specifically, Plaintiff paid for approximately 45% of macaroni and cheese product he never received. Plaintiff would not have purchased the Product if he had known that the Product's packaging contained nonfunctional slack-fill.

## B.    "Fraudulent" Prong

91.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254, 1267 (1992).

92.    Defendants' conduct of packaging the Products with approximately 45% nonfunctional slack-fill is likely to deceive members of the public.

93.    Defendants' packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

94.    Defendants knew or should have known of their fraudulent conduct.

95.    As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute a fraudulent business practice in violation of California Business and Professions Code Section 17200.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

96.   Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the proportion of product contained therein.

97.   All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

98.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' fraudulent conduct. Plaintiff paid an unwarranted premium for the Product. Specifically, Plaintiff paid for approximately 45% of macaroni and cheese product he never received. Plaintiff would not have purchased the Product if he had known that the box contained nonfunctional slack-fill.

### C.   "Unlawful" Prong

99.   California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

100.  Defendants' packaging of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et seq.*, Business and Professions Code Section 17500, *et seq.*, Business and Professions Code Section 12606.2 *et seq.*, and 21 C.F.R § 100.100.

101.  Defendants' packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

102.  Defendants knew or should have known of their unlawful conduct.

103.  As alleged in the preceding paragraphs, the misrepresentations by Defendants alleged herein constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

104.  There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the amount of macaroni and cheese product contained therein.

105.  All of the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

106.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful conduct. Plaintiff paid an unwarranted premium for the Product. Specifically, Plaintiff paid for approximately 45% of macaroni and cheese product he never received. Plaintiff would not have purchased the Product if he had known that the packaging contained nonfunctional slack-fill.

107. As a result of the business acts and practices described above, Plaintiff and members of the Class, pursuant to Business and Professions Code Section 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants and such other orders and judgments that may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendants.

    a.  Plaintiff and members of the Class are entitled to equitable relief, as no adequate remedy at law exists.

        (1) The applicable limitations period is four years for claims brought under the UCL, which is one year longer than the applicable statute of limitations under California's False Advertising Law ("FAL") and Consumers Legal Remedies Act ("CLRA"). Thus, Class members who purchased the Products between 3 and 4 years prior to the filing of the complaint will be barred from the Class if equitable relief were not granted under the UCL.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

(2) The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein to include, for example, the overall unfair marketing scheme of underfilling the Products' packaging. Thus, Plaintiff and Class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

(3) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendants continue to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendants from continuing to engage in this unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendants' unlawful marketing efforts. Such modifications could include, but are not limited to, shrinking the packaging, adding more macaroni and cheese to the packaging, or adding a yield chart to the side or back label. Such relief is not available through a legal remedy, as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is currently unable to accurately quantify the damages caused by Defendants' future harm (i.e., the dollar amount that Plaintiff and Class members will pay for the underfilled Products), rendering injunctive relief a necessary remedy.

108.  Pursuant to Civil Code Section 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT TWO

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*

109.  Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

110.  California's False Advertising Law, Business and Professions Code Section 17500, *et seq.,* makes it "unlawful for any person . . . to make or disseminate or cause to be made or disseminated before the public in this state, . . . [in] any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or . . . performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

111.  Defendants knowingly manipulated the physical dimensions of the Products' boxes, or stated another way, under-filled the amount of macaroni and cheese product in the Products, by including approximately 45% nonfunctional slack-fill as a means to mislead the public about the amount of macaroni and cheese product contained in each package.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

112.  Defendants controlled the packaging of the Products. They knew or should have known, through the exercise of reasonable care, that their representations about the quantity of macaroni and cheese product contained in the Products were untrue and misleading.

113.  Defendants' action of packaging the Products with approximately 45% nonfunctional slack-fill instead of including more macaroni and cheese content in the box, or decreasing the size of the box, is likely to deceive the general public.

114.  Defendants' actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

115.  As a direct and proximate result of Defendants' conduct alleged herein in violation of the FAL, Plaintiff and members of the Class, pursuant to Section 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants and requiring Defendants to disclose the true nature of their misrepresentations.

    a.  Plaintiff and members of the Class are entitled to equitable relief, as no adequate remedy at law exists.

      (1) The scope of permissible plaintiffs under the FAL is broader than the CLRA to include, for example, individuals or entities who purchased the Products for non-personal, non-family, and non-household purposes. Thus, Plaintiff and Class members may be entitled to restitution under the FAL, while not entitled to damages under the CLRA.

      (2) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendants continue to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief,

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging, adding more macaroni and cheese to the packaging, or adding a yield chart to the side or back label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is currently unable to accurately quantify the damages caused by Defendants' future harm (i.e., the dollar amount that Plaintiff and Class members overpay for the underfilled Products), rendering injunctive relief a necessary remedy.

116.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff purchased the Product in reliance upon the claims by Defendants that the Product was of the quantity represented by Defendants' packaging and advertising. Plaintiff would not have purchased the Product if he had known that the claims and advertising as described herein were false.

117.  Plaintiff and members of the Class also request an order requiring Defendants to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising, plus interests and attorneys' fees.

//

//

CLASS ACTION COMPLAINT

1

## COUNT THREE

2

**VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,**

3

**CALIFORNIA CIVIL CODE § 1750, *et seq*.**

4       118.  Plaintiff repeats and realleges the allegations set forth in the preceding

5    paragraphs and incorporates the same as if set forth herein at length.

6       119.  Plaintiff brings his claims individually and on behalf of the Class.

7       120.  The CLRA prohibits certain "unfair methods of competition and unfair

8    or deceptive acts or practices" in connection with a sale of goods.

9       121.  The practices described herein, specifically Defendants' packaging,

10   advertising, and sale of the Products, were intended to result and did result in the

11   sale of the Products to the consuming public and violated and continue to violate

12   sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9) of the CLRA by (1)

13   misrepresenting the approval of the Products as compliant with 21 C.F.R § 100.100,

14   California Business and Professions Code Section 12606.2,  and the Sherman Law;

15   (2) representing the Products have characteristics and quantities that they do not

16   have; (3) representing the Products are of a particular standard when they are not;

17   and (4) advertising and packaging the Products with intent not to sell them as

18   advertised and packaged.

19      122.  Defendants fraudulently deceived Plaintiff and the Class by representing

20   that the Products' packaging, which includes approximately 45% nonfunctional

21   slack-fill, conforms to federal and California slack-fill regulations and statutes,

22   including the Sherman Law, California Business and Professions Code Section

23   12606.2, and 21 C.F.R. § 100.100.

24      123.  Defendants packaged the Products in boxes that contain approximately

25   45% nonfunctional slack-fill and made material misrepresentations to fraudulently

26   deceive Plaintiff and the Class.

27      124.  Defendants fraudulently deceived Plaintiff and the Class by

28   misrepresenting the Products as having characteristics and quantities which they do

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

not have, i.e., that the Products are free of nonfunctional slack-fill when they are not. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

125.  Defendants fraudulently deceived Plaintiffs and the Class by representing that the Products were of a particular standard when they were not, i.e., that the Products were free of nonfunctional slack-fill when they were not. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiffs and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

126.  Defendants fraudulently deceived Plaintiff and the Class by packaging and advertising the Products with intent not to sell them as advertised and by intentionally under-filling the Products' boxes and replacing macaroni and cheese product with nonfunctional slack-fill. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

127.  Defendants knew or should have known, through the exercise of reasonable care, that the Products' packaging was misleading.

128.  Defendants' actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of the same.

129.  Defendants' packaging of the Products was a material factor in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendants' packaging of the Products, Plaintiff and the Class reasonably believed that they

were getting more product than they actually received. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Products.

130.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for macaroni and cheese product he never received. Plaintiff would not have purchased the Product had he known the box contained nonfunctional slack-fill.

131.  Plaintiff respectfully requests that the Court enjoin Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to Section 1780(a)(2). In addition, Defendants should be compelled to provide restitution and damages to consumers who paid for Products that are not what they expected to receive due to Defendants' misrepresentations.

a. Plaintiff and members of the Class are entitled to equitable relief, as no adequate remedy at law exists.

(1) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendants continue to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging, adding more macaroni and cheese to the packaging, or adding a yield chart to the side or back label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e.,

purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is currently unable to accurately quantify the damages caused by Defendants' future harm (i.e., the dollar amount that Plaintiff and Class members overpay pay for the underfilled Products), rendering injunctive relief a necessary remedy.

132. By letters dated February 27, 2020 and June 17, 2022, Defendants were notified of their false and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT FOUR

## RESTITUTION BASED ON QUASI-CONTRACT/UNJUST ENRICHMENT

133. Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

134. Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendants.

135. By means of Defendants' wrongful conduct alleged herein, Defendants knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

136. Defendants knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and members of the Class.

137. As a result of Defendants' wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

138. Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the false, deceptive, and misleading conduct alleged herein.

139.  Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits they received, without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendants' retention of such funds under such circumstances constitutes unjust enrichment.

140.  The financial benefits derived by Defendants rightfully belong to Plaintiff and members of the Class. Defendants should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendants.

141.  Plaintiff and members of the Class have no adequate remedy at law.

<u>**COUNT FIVE**</u>

**COMMON LAW FRAUD**

142.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

143.  Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendants.

144.  Defendants have willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are sufficiently filled with an amount of macaroni and cheese product commensurate with the size of the container. However, the Products contain approximately 45% nonfunctional and unlawful slack-fill. Defendants have misrepresented the quantity of macaroni and cheese product contained in the Products.

145.  Defendants' misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of macaroni and cheese product contained in the Products.

146.  Defendants knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

CLASS ACTION COMPLAINT

147.  Defendants intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendants' manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

148.  Plaintiff and the Class have reasonably and detrimentally relied on Defendants' misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

149.  Therefore, as a direct and proximate result of Defendants' fraud, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SIX

## INTENTIONAL MISREPRESENTATION

150.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

151.  Plaintiff brings this cause of action individually and on behalf of all members of the Class against Defendants.

152.  Defendants have filled and packaged the Products in a manner indicating that the Products are adequately filled with macaroni and cheese product. However, the Products contain approximately 45% nonfunctional and unlawful slack-fill. Defendants misrepresented the quantity of macaroni and cheese product contained within the Products' packaging.

153.  Defendants' misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

154.  At all relevant times when such misrepresentations were made, Defendants knew or should have known that the representations were misleading. //

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

155.  Defendants intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendants' intentional manufacturing, marketing, and selling of packaging that is significantly larger than is necessary to contain the volume of the contents within them.

156.  Plaintiff and members of the Class reasonably and justifiably relied on Defendants' intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

157.  As a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SEVEN
### NEGLIGENT MISREPRESENTATION

158.  Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

159.  Plaintiff brings this cause of action individually and on behalf of the Class against Defendants.

160.  Defendants have filled and packaged the Products in a manner indicating that the Products are adequately filled with macaroni and cheese product. However, the Products contain approximately 45% less macaroni and cheese product than required and instead contain a substantial amount of nonfunctional slack-fill. Therefore, Defendants have misrepresented the amount of macaroni and cheese product contained in the Products.

161.  Defendants' misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

162.  At all relevant times when such misrepresentations were made, Defendants knew or should have known that the Products were not adequately filled

with macaroni and cheese, but instead contained substantial amounts of nonfunctional slack-fill.

163.  Defendants intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendants' packaging that is significantly larger than is necessary to contain the volume of the macaroni and cheese product therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all causes of action as follows:

A. An order enjoining Defendants from continuing to label, package, and/or advertise the Products as challenged herein so as to dispel consumer deception;

B. Damages against Defendants in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

C. Restitution and/or disgorgement in an amount to be determined at trial;

D. Reasonable attorneys' fees and costs; and

E. Granting such other and further as may be just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: June 17, 2022                    **CLARKSON LAW FIRM, P.C.**

_/s/ Zachary Chrzan_____
Ryan J. Clarkson, Esq.
Zachary Chrzan, Esq.

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265